**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Erika M. Hernandez and Erlin Donaldo Choj Xol,<br><br>*Plaintiffs,*<br><br>v.<br><br>Hacienda Mexicana Corp. d/b/a Hacienda Restaurant, Jesus Cisneros, and Juan Cisneros,<br><br>*Defendants.* | **Civ. No. 17-CV-5608**<br><br>**COMPLAINT** |

Plaintiff Erika M. Hernandez and Erlin Donaldo Choj Xol, as and for their Complaint, allege as follows:

<u>Preliminary Statement</u>

1.     Plaintiffs Erika M. Hernandez and Erlin Donaldo Choj Xol ("Plaintiffs") worked for defendants Hacienda Mexicana Corp. d/b/a Hacienda Restaurant ("Hacienda"), Jesus Cisneros, and Juan Cisneros (collectively, "Defendants") between June 2016 and January 2017.   Mr. Xol worked as a cook in Defendants' Mexican restaurant, and Ms. Hernandez worked as a cook's helper, assisting with food preparation and washing dishes.   Both Plaintiffs worked long hours – more than 70 hours per week – yet were not paid either the minimum wage or overtime pay for their work.   Instead, Plaintiffs were paid hourly wages as low as $6.62 (Mr. Xol) and $6.06 (Ms. Hernandez) per hour, and never received time and a half

for the hours they worked above 40 in a work week.    Plaintiffs were also never paid for their final three days of work.

2.    To remedy these and other legal violations, Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York Labor Law.    Plaintiffs seek, *inter alia*, their unpaid wages, liquidated damages, and damages for other violations of New York Labor Law.

Jurisdiction and Venue

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 201 *et seq.* (FLSA), and 8 U.S.C.  § 1343.

4.    The Court has jurisdiction over Plaintiffs' pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).   Plaintiffs' state law claims are parts of the same case or controversy as Plaintiffs' federal claim.

5.    Venue is proper in this district pursuant to 28 U.S.C. §1391.   A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

6.    Defendants reside and/or do business in this district.

Parties

7.    Plaintiff Erika M. Hernandez is a resident of the State of Maryland who was employed by Defendants between June 20, 2016 and January 20, 2017.   She is a non-exempt employee of Defendants within the meaning of the FLSA and New York Labor Law.

8.    Plaintiff Erlin Donaldo Choj Xol is a resident of the State of Maryland who was also employed by Defendants between June 20, 2016 and January 20, 2017.  He is

a non-exempt employee of Defendants within the meaning of the FLSA and New

York Labor Law.

9.     Hacienda Mexicana Corp. is a New York corporation which has its place of

business in Orange County, New York, at 145 Main Street, Highland Falls, New

York 10928.

10.    Hacienda is a restaurant which also offers takeout and delivery food in the area.

11.    Hacienda is engaged in commerce as defined by 29 U.S.C. § 203, and, upon

information and belief, it has a gross volume business of not less than $500,000

per year.

12.    Jesus Cisneros is an individual who is an owner and manager of Hacienda.   He is

the son of Defendant Juan Cisneros.

13.    Juan Cisneros is an individual who is an owner and manager of Hacienda.   He is

the father of Defendant Jesus Cisneros.

14.    At all times relevant to this action, Defendants were "employers" of Plaintiffs

within the meaning of the FLSA and New York Labor Law.

15.    At all times relevant to this action, Plaintiffs were "employees" of Defendants

within the meaning of the FLSA and New York Labor Law.

16.    At all times relevant to this action, Defendants "employed" Plaintiffs within the

meaning of the FLSA and New York Labor Law.

17.    Plaintiffs consent in writing to becoming party plaintiffs in this action.   (See

Exhibit 1, attached.)

Factual Allegations

18.   Defendant Erlin Donaldo Choj Xol was employed at Hacienda as a cook.   He

      worked six days a week, and regularly worked from 10 a.m. to 10 p.m. with only

      two breaks, each for less than 20 minutes.

19.   Defendant Erika M. Hernandez, the cook's helper, also worked six days a week,

      and regularly worked from 10 a.m. to 10 p.m. with only two breaks, each for less

      than 20 minutes.

20.   When he began working for Defendants, Mr. Xol was paid $470 per week.

21.   In September 2016, Defendants increased Mr. Xol's pay to $530 per week.

22.   When she began working for Defendants, Ms. Hernandez was paid $430 per

      week.

23.   In November 2016, Defendants increased Ms. Hernandez's pay to $480 per week.

24.   Although Plaintiffs consistently worked more than forty hours each week,

      Defendants never paid Plaintiffs overtime as legally required.

25.   On a regular basis, the start to the finish of Plaintiffs' work days exceeded ten

      hours.   However, Plaintiffs were never paid an additional hour at the minimum

      wage on the days in which their spread of hours exceeded ten hours, as required

      by 12 N.Y.C.R.R. § 142-2.4.

26.   At the time they began working for Defendants, Plaintiffs did not receive written

      disclosures of their wage rates or written disclosures of the other information

      required by NYLL 195(1).

27.   Plaintiffs never thereafter received written disclosures of the information required

      by NYLL 195(1).

28.   In addition, Plaintiffs never received wage statements as required by New York Labor Law 195(3).

29.   Jesus Cisneros and Juan Cisneros had the power to establish, and did establish – directly or through their agent(s) – the terms of Plaintiffs' employment.

30.   Jesus Cisneros and Juan Cisneros, directly or indirectly, determined the salary to be paid to Plaintiffs.

31.   Jesus Cisneros and Juan Cisneros had the power to hire and fire employees of Hacienda, and they exercised that power, whether directly or through their agent(s).

32.   Jesus Cisneros and Juan Cisneros had the power to control the day-to-day functions of Hacienda, and did control the day-to-day operations of Hacienda. They worked in the restaurant on a daily basis.

33.   Jesus Cisneros and Juan Cisneros, directly or indirectly, managed, supervised, and directed the business and operations of Hacienda.

34.   Defendants (1) shared the services of the Plaintiffs, (2) shared direct or indirect control over the Plaintiffs, (3) acted in the interest of one another, and (4) constitute joint employers of the Plaintiffs as defined by federal and state law.

35.   During the course of their employment, Plaintiffs handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

36.   Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

37.   The actions and omissions alleged above were willful.

<u>Causes of Action</u>

I.       <u>Fair Labor Standards Act</u>

38.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if set

        forth fully here.

39.     Defendants willfully failed to pay the legally-required federal minimum wage to

        Plaintiffs for every hour that they worked.   Defendants' actions violate the Fair

        Labor Standards Act, 29 U.S.C. § 206(a) and its implementing regulations.

40.     Defendants also willfully failed to pay Plaintiffs overtime at a rate of at least one

        and a half times the legally-required federal minimum wage for every hour

        Plaintiffs worked above 40 in a work week.  This failure violates the Fair Labor

        Standards Act, 29 U.S.C. § 207(a) and its implementing regulations.

41.     Defendants also violated the FLSA by failing to keep records as required by

        statute, 29 U.S.C. § 211(c).

42.     Plaintiffs are entitled to their unpaid wages, plus an additional equal amount in

        liquidated damages, as a consequence of Defendants' unlawful actions and

        omissions, in accordance with 29 U.S.C. § 216(b).

43.     Plaintiffs are also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

44.     Plaintiffs also seek, and are entitled to, attorneys' fees incurred by their counsel,

        pursuant to 29 U.S.C. § 216(b).

II:      <u>New York Labor Law (Minimum Wage & Overtime)</u>

45.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if set

        forth fully here.

46. Defendants failed to pay the legally-required New York State minimum wage to Plaintiffs for every hour that they worked, in violation of New York Labor Law § 652 and its implementing regulations, 12 N.Y.C.R.R. §142-2.1 *et seq.*

47. Defendants also willfully failed to pay Plaintiffs overtime at a rate of at least one and a half times the legally-required state minimum wage for every hour Plaintiffs worked above 40 in a work week

48. Defendants' failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

49. Plaintiffs are entitled to their unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

50. Plaintiffs also seek, and are entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

III. New York Labor Law (Spread of Hours)

51. Plaintiffs reallege and incorporate by reference the foregoing allegations as if set forth fully here.

52. Plaintiffs regularly worked days in which the end of their work shifts was more than 10 hours from the beginning of their work shifts.

53. Defendants, in violation of N.Y.C.R.R. § 142-2.4, never paid Plaintiffs an additional hour of pay at the minimum wage rate for every day in which the spread of hours that Plaintiffs worked was more than ten hours.

54.     Plaintiffs are entitled to their unpaid spread of hour pay as mandated by New
        York Labor Law, plus an additional 100 percent as liquidated damages, as a
        consequence of the Defendants' unlawful actions and omissions, in accordance
        with New York Labor Law §§ 198, 663, and 681.

55.     Plaintiffs also seek, and are entitled to, attorneys' fees incurred by their counsel,
        costs of Court, and interest.

IV.     <u>New York Labor Law (Pay Statements and Disclosure of Pay Rate)</u>

56.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if set
        forth fully here.

57.     Defendants failed to provide Plaintiffs, at the time of their hiring or thereafter,
        notices containing their rates of pay and other information as required by New
        York Labor Law § 195(1).

58.     Defendants also failed to provide the Plaintiffs with accurate statements with
        every payment of wages which provided all of the information required under
        New York Labor Law § 195(3).

59.     For Defendants' violation of New York Labor Law § 195(1), Plaintiffs are
        entitled to $50 for each work day in which this violation continued to occur, in an
        amount not to exceed $5,000 per Plaintiff, pursuant to New York Labor Law
        §198(1-b).

60.     For Defendants' violation of New York Labor Law § 195(3), Plaintiffs are
        entitled to $250 for each work day in which this violation continued to occur, in
        an amount not to exceed $5,000 per Plaintiff, pursuant to New York Labor Law
        §198(1-d).

61.     Plaintiffs also seek, and are entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

<u>Demand for Jury Trial</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

WHEREFORE, Plaintiffs request that this Court enter an Order:

    a.   assuming jurisdiction over this action;

    b.   declaring that Defendants violated the FLSA and New York Labor Law;

    c.   permanently enjoining Defendants from further violations of the FLSA and New York Labor Law;

    d.   granting judgment to Plaintiffs on their FLSA claims and awarding Plaintiffs their unpaid wages and an equal amount in liquidated damages;

    e.   Granting judgment to Plaintiffs on their New York Labor Law claims and awarding Plaintiffs their unpaid wages, applicable statutory damages, and liquidated damages as provided for by statute;

    f.   Awarding Plaintiffs prejudgment and postjudgment interest as allowed by law;

    g.   Awarding the Plaintiffs their costs and reasonable attorneys' fees; and

    h.   Granting such further relief as the Court finds just.

DATED:     New York, NY
             July 24, 2017

KAKALEC & SCHLANGER, LLP

*/s/ Patricia Kakalec*
Patricia Kakalec
85 Broad Street, 16th Floor
New York, NY 10004
(212) 500-6114
pkakalec@kakalec-schlanger.com

*Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am an individual formerly employed by Hacienda Mexicana Corp. d/b/a Hacienda
Restaurant, Jesus Cisneros, and Juan Cisneros and/or related entities and/or individuals.
I consent to be a party Plaintiff in an action against Hacienda Mexicana Corp. d/b/a
Hacienda Restaurant, Jesus Cisneros, and Juan Cisneros and/or related entities and/or
individuals to recover minimum wage and overtime pay, liquidated damages, attorney's
fees, costs and other relief under the Fair Labor Standards Act.

Translation to Spanish/Traducción al español

## CONSENTIMIENTO PARA DEMANDAR BAJO LA LEY DE CONDICIONES
## RAZONABLES DE TRABJO

Soy un individuo quien fue empleado por Hacienda Mexicana Corp. d/b/a Hacienda
Restaurant, Jesus Cisneros, and Juan Cisneros y/o individuos o entidades relacionados.
Doy mi consentimiento para ser un demandante en una acción judicial en contra de
Hacienda Mexicana Corp. d/b/a Hacienda Restaurant, Jesus Cisneros, y Juan Cisneros y/o
individuos o entidades relacionados para recuperar el pago del salario mínimo, salario por
horas extras, daños y perjuicios establecidos, honorarios del abogado, gastos y cualquier
otra reparación bajo la ley de condiciones razonables de trabajo (Fair Labor Standards
Act).

Erika M. Hernandez
Name

*Erika Hernandez*
Signature

*7/12/17*
Date

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am an individual formerly employed by Hacienda Mexicana Corp. d/b/a Hacienda Restaurant, Jesus Cisneros, and Juan Cisneros and/or related entities and/or individuals. I consent to be a party Plaintiff in an action against Hacienda Mexicana Corp. d/b/a Hacienda Restaurant, Jesus Cisneros, and Juan Cisneros and/or related entities and/or individuals to recover minimum wage and overtime pay, liquidated damages, attorney's fees, costs and other relief under the Fair Labor Standards Act.

Translation to Spanish/Traducción al español

## CONSENTIMIENTO PARA DEMANDAR BAJO LA LEY DE CONDICIONES RAZONABLES DE TRABJO

Soy un individuo quien fue empleado por Hacienda Mexicana Corp. d/b/a Hacienda Restaurant, Jesus Cisneros, and Juan Cisneros y/o individuos o entidades relacionados. Doy mi consentimiento para ser un demandante en una acción judicial en contra de Hacienda Mexicana Corp. d/b/a Hacienda Restaurant, Jesus Cisneros, y Juan Cisneros y/o individuos o entidades relacionados para recuperar el pago del salario mínimo, salario por horas extras, daños y perjuicios establecidos, honorarios del abogado, gastos y cualquier otra reparación bajo la ley de condiciones razonables de trabajo (Fair Labor Standards Act).

Erlin Donaldo Choj Xol

Name

*Erlin Donaldo Choj Xol*

Signature

*7/12/17*

Date